## WILLIAM DAVENPORT *v.* JAMES UNDERWOOD, ET AL.

**Former Adjudication.**
> Where plaintiff's right to hold a bank liable for conversion was fully adjudicated in the federal court, a court of competent jurisdiction, and there was judgment against him, he cannot have the same issue adjudicated in the state court. The judgment of the federal court not appealed from is conclusive.

### APPEAL FROM LOGAN CIRCUIT COURT.

April 5, 1876.

OPINION BY JUDGE LINDSAY:

The questions of law involved in this case are practically the same as those settled by this court by the last opinion delivered in the case of *The Society of Shakers v. Underwoods, et al.* The facts are the same, except that the district court of the United States, sitting as a court of bankruptcy, rejected the claim of Davenport, whilst it held the assignee of the Bank of Bowling Green liable for a portion

of the claim asserted by the Shakers. In that proceeding Davenport stated his claim as follows. He averred that the bank, "was and still is jointly and truly indebted to this deponent in the sum of nine thousand two hundred seventy dollars ($9,270), being for deposit of nine one-thousand-dollar Warren county bonds, Nos. respectively 37, 62, 40, 44, and 45 B. and 5, 6, 22, and 34 C., which bonds were wrongfully converted by said bank to its own use without deponent's knowledge or consent."

An examination of the petition in this case will show that the appellant is here seeking to recover from the appellees the value of these identical bonds, upon the ground that they were converted by the bank, with their knowledge, or that they by their gross neglect, permitted and enabled the bank to convert them.

As said in the case of the Shakers, "We regard it as plain that appellants' petition does not authorize a recovery for a greater sum than the value of such of their (his) bonds on special deposit as were sold and appropriated to the uses and purposes of the bank."

Appellant elected to test the preliminary and fundamental question in his case, that is, the conversion by the bank of his bonds, by a proceeding against the assignee of the bank in a court of competent jurisdiction. After the issue had been made up and the evidence heard, that court adjudged that none of his bonds had been converted by the bank. It dismissed his claim upon that ground, and allowed the Shakers a portion of their claim because the proof showed, that the proceeds of a portion of their bonds had gone to the credit of and had been appropriated by the bank to its uses and purposes.

This unreversed judgment of the district court is conclusive as to the question of the conversion by the bank of Davenport's bonds. It estops him to assert in any court, for any purpose, that it did convert them. He cannot have a retrial of the question of fact in the state courts, any more than he can in the federal courts. The judgment in the district court is not analogous to a verdict and judgment in favor of one of several co-trespassers. In a case of that sort, the plaintiff may concede the innocence of one, and still recover against any one or more of the other wrongdoers. But in this case, the liability of appellees depends wholly upon the guilt of the bank. If it did not convert appellant's bonds, then he can recover nothing against them, no matter how negligent they may have been in the discharge of their duties as presidents and directors of the bank.

We have already seen that the record shows that the question of conversion by the bank has, by a court of competent jurisdiction, been

conclusively and finally settled adversely to his claim. Hence it is impossible for him to make out a state of case authorizing a recovery in this action, in view of the principles announced by this court in its opinion in the Shaker case. We are, therefore, of opinion that the circuit court properly overruled the general demurrer to the amended answer of appellees, and properly overruled the special demurrer to the second paragraph of said answer.

Such being the case, it follows that the circuit court properly instructed the jury to find for the appellees.

Judgment *affirmed.*

*Hines & Porter, for appellant.   J. R. Underwood, for appellees.*